UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

TRACEY STEWARD,                       )
                                       )
    Plaintiff                          )
                                       )
v.                                     )    1:17-cv-00072-JAW
                                       )
NANCY A. BERRYHILL,                    )
ACTING COMMISSIONER,                   )
SOCIAL SECURITY ADMINISTRATION,        )
                                       )
    Defendant

## REPORT AND RECOMMENDED DECISION

On Plaintiff Tracey Steward's application for disability insurance benefits (DIB) under Title II and supplemental security income benefits (SSI) under Title XVI of the Social Security Act, Defendant, the Acting Social Security Administration Commissioner, found that Plaintiff's Title II claim was barred by res judicata, granted Plaintiff's Title XVI claim in full, and reopened and granted partial relief on a prior Title XVI claim.

Plaintiff filed this action to obtain judicial review pursuant to 42 U.S.C. § 405(g). Plaintiff argues that Defendant should have granted complete relief on the Title XVI claim, and should have reopened the Title II claim.

Following a review of the record, and after consideration of the parties' arguments, I recommend the Court dismiss Plaintiff's appeal on the Title II claim, and remand the Title XVI claim for further proceedings.

### THE ADMINISTRATIVE PROCEEDINGS

Plaintiff filed prior applications for Title II (DIB) and Title XVI (SSI) benefits on

February 24, 2011. When Plaintiff filed the prior applications, Plaintiff's disability insurance had expired, but Plaintiff claimed a disability onset prior to the expiration of his insured status. Defendant denied the applications on May 20, 2011. Plaintiff did not timely request review of the decision, and the decision became final.

On April 22, 2013, Plaintiff again filed applications in which he requested DIB and SSI benefits. Plaintiff alleged a disability onset date of November 30, 2008. Disability Determination Services denied Plaintiff's applications on initial review and on reconsideration. Plaintiff requested and received a hearing before an administrative law judge (ALJ).

Following the hearing, the ALJ determined Plaintiff's DIB claim was barred by the doctrine of res judicata. (ALJ Decision, ECF No. 9-2.) The ALJ reasoned that Plaintiff had not sought review of, nor appealed from, the prior administrative determination, and Plaintiff's insured status under Title II expired before the effective date of the prior administrative determination. (ALJ Decision, R. 18 – 19, ECF No. 9-2.) According to the ALJ, the record did not support a determination that Plaintiff lacked the mental capacity to preserve the prior claim, and Plaintiff did not establish the regulatory conditions for reopening the matter.[1] (ALJ Decision at 19.) The ALJ, therefore, dismissed the claim.

In assessing the SSI claim, the ALJ determined that Plaintiff has a cardiac impairment that medically equals listing 4.04(B) and (C), and found Plaintiff disabled on

---

[1] *See* 20 C.F.R. §§ 404.987 – 404.996. *See also id.* § 405.601. Part 405 was reserved by the Commissioner effective January 17, 2017. Ensuring Program Uniformity at the Hearing and Appeals Council Levels of the Administrative Review Process, 81 Fed. Reg. 90,987, 90,994 2016 WL 7242991 (Dec. 16, 2016).

that basis. (*Id.* ¶¶ 3 – 4, R. 21 – 24.) The ALJ awarded complete relief on the current SSI claim. Under the decision, Plaintiff would receive benefits commencing in May 2013. The ALJ did not address the reopening of the prior SSI claim.

Plaintiff sought review before the Appeals Council. Upon its review, the Appeals Council "found no reason to review the [ALJ's] dismissal," and summarily affirmed the dismissal of the DIB claim. (R. 10.) On review of the SSI claim, the Appeals Council expanded the scope of Plaintiff's SSI claim.[2] Specifically, the Appeals Council determined that the medical expert testimony supported a finding that Plaintiff's cardiac impairment equaled a listing as of November 15, 2012. The Appeals Council thus reopened Plaintiff's prior Title XVI application to permit Plaintiff to recover SSI benefits for the period between December 2012 and May 2013. (R. 5 – 6.) [3]

### STANDARD OF REVIEW

A court must affirm the administrative decision provided the ALJ applied the correct legal standards and provided the decision is supported by substantial evidence. This is so even if the record contains evidence capable of supporting an alternative outcome. *Manso-Pizarro v. Sec'y of HHS*, 76 F.3d 15, 16 (1st Cir. 1996) (per curiam); *Rodriguez Pagan v.*

---

[2] Upon the ALJ's grant of the SSI claim, Plaintiff became entitled to SSI benefits commencing the month after the month in which he filed his application, i.e., May 2013. 20 C.F.R. § 416.335 ("When you file an application in the month that you meet all the other requirements for eligibility, the earliest month for which we can pay you benefits is the month following the month you filed the application. If you file an application after the month you first meet all the other requirements for eligibility, we cannot pay you for the month in which your application is filed or any months before that month.").

[3] SSI benefits are only available once a claimant files an application for benefits. 20 C.F.R. § 416.305 ("In addition to meeting other requirements, you must file an application to become eligible to receive benefits"). DIB benefits are not so limited. However, DIB benefits are available only for disabilities that arise while the claimant is insured. 42 U.S.C. §§ 416(i)(3), 423(c)(1). If an impairment becomes disabling after the expiration of the claimant's insured status, DIB benefits are not available.

*Sec'y of HHS*, 819 F.2d 1, 3 (1st Cir. 1987). Substantial evidence is evidence that a reasonable mind might accept as adequate to support a finding. *Richardson v. Perales,* 402 U.S. 389, 401 (1971); *Rodriguez v. Sec'y of HHS*, 647 F.2d 218, 222 (1st Cir. 1981). "The ALJ's findings of fact are conclusive when supported by substantial evidence, but they are not conclusive when derived by ignoring evidence, misapplying the law, or judging matters entrusted to experts." *Nguyen v. Chater*, 172 F.3d 31, 35 (1st Cir. 1999).

## DISCUSSION

Plaintiff argues that the Appeals Council's decision to reopen his prior SSI application must be deemed to have also reopened his prior DIB application. In other words, Plaintiff contends that the Appeals Council could not reopen the SSI application, while simultaneously ruling that the DIB application was barred by res judicata, particularly because the standard for reopening ("good cause") is the same for the DIB and the SSI claims. (Statement of Errors at 3, ECF No. 13.) In addition, Plaintiff argues the ALJ erred when he applied the doctrine of res judicata to the DIB claim because he did not provide notice to Plaintiff that he was considering application of the res judicata doctrine, because a mere administrative denial of a claim (without a hearing) is not a final determination on the merits, and because the ALJ did not have a factual record from which he could make all of the findings required for application of the res judicata doctrine.[4] (*Id.* at 5.) Plaintiff further maintains that because the Appeals Council found good cause to reopen the SSI claim, Defendant is collaterally estopped from finding a lack of good cause

---

[4] Plaintiff also argues that the review of a complete record would not support application of res judicata. (Statement of Errors at 9 – 12.)

4

to reopen the DIB claim. (*Id.* at 14 – 15.)

Defendant in part argues that the discretionary decision not to reopen the prior DIB claim is unreviewable. (Defendant's Opposition at 4, ECF No. 15.) In addition, Defendant contends the decision of the Appeals Council regarding the onset of disability was informed by the entire record and, therefore, there is no cause to remand the reopened SSI claim to determine whether an earlier onset date could be assessed at step 5 based on a residual functional capacity finding as Plaintiff argues. (*Id.* at 15.)

### A. Reviewability of the Failure to Reopen the Prior DIB Claim

By regulation, an ALJ may dismiss a request for a hearing where "[t]he doctrine of res judicata applies in that [the Commissioner has] made a previous determination or decision under this subpart about [a claimant's] rights on the same facts and on the same issue or issues, and this previous determination or decision has become final by either administrative or judicial action." 20 C.F.R. § 404.957(c)(1). Consistent with the regulation, courts recognize that "[t]he Commissioner may . . . apply res judicata to bar reconsideration of a period with respect to which she has already made a determination, by declining to reopen the prior application." *Lester v. Chater*, 81 F.3d 821, 827 (9th Cir. 1995), as amended (Apr. 9, 1996).[5] That is, "to the extent that a second or successive application seeks to relitigate a time period for which the claimant was previously found ineligible for benefits, the customary principles of preclusion apply with full force."

---

[5] "The Commissioner's authority to apply res judicata to the period subsequent to a prior determination is much more limited." *Lester*, 81 F.3d at 827. This case does not involve application of res judicata to the period subsequent to the prior determination.

*Albright v. Comm'r of SSA,* 174 F.3d 473, 476 n.4 (4th Cir. 1999).

Although res judicata principles apply, the regulations also provide that a previously denied DIB claim may be reopened within four years of the date of the notice of initial determination if good cause is shown.[6] 20 C.F.R. §§ 404.988(b). Good cause exists when new and material evidence is presented, or when clear error is evident upon review of the evidence that was considered.[7] *Id.* § 404.989(a)(1), (3).

This Court's review of a benefits determination of the Commissioner is limited to review of "final decisions" that are entered after statutorily mandated hearings, subject to only limited exceptions. 42 U.S.C. § 405(g) (requiring a "final decision … after a hearing" as a prerequisite to a civil action in district court)*,* § 405(h) ("No findings of fact or decision of the Commissioner of Social Security shall be reviewed by any person, tribunal, or governmental agency except as herein provided."); *Califano v. Sanders*, 430 U.S. 99, 108 (1976); *Torres v. Sec'y HHS*, 845 F.2d 1136, 1138 (1st Cir. 1988); 20 C.F.R. § 404.903(*l*). Defendant's decision not to reopen the prior DIB determination that Plaintiff was not

---

[6] The Appeals Council reopened the prior SSI claim in a decision dated January 19, 2017, more than four years after the May 20, 2011, administrative denial of the prior DIB claim. Plaintiff has not directed the Court to a request to reopen filed within four years of May 20, 2011, but his current applications were filed within the four-year period. Defendant has not argued that Plaintiff's request to reopen is time-barred.

[7] A final DIB determination may also be reopened at any time if that determination was obtained by "fraud or similar fault." *Id.* § 404.988(c). In determining whether a prior determination or decision was obtained by fraud or similar fault, the Commissioner will take into account any physical, mental, educational, or linguistic limitations which the claimant may have had at that time. *Id.* § 416.1488(c). The First Circuit has also explained "that mental illness might destroy the [r]es judicata effect of a prior administrative determination." *Matos v. Sec'y of Health, Ed. & Welfare*, 581 F.2d 282, 287 (1st Cir. 1978). Plaintiff has not made any showing or argument that his impairments deprived him of the mental capacity to understand that his prior DIB claim could be denied based on his inaction, or that the prior determination was the product of any form of fraud or similar fault.

disabled on or before the date on which his insured status expired does not require a hearing and is thus unreviewable. *Sanders*, 430 U.S. at 107 – 108; *Krumpelman v. Heckler*, 767 F.2d 586, 588 (9th Cir. 1985) (decision not to reopen previously adjudicated claim is "purely discretionary" and thus not a final decision as contemplated by § 405(g) (citing *Sanders*, 430 U.S. at 107 – 09)); *Latona v. Schweiker*, 707 F.2d 79, 81 (2d Cir. 1983) (holding that the refusal to reopen a prior final decision is unreviewable by the district court because the Social Security Act does not authorize review of such decisions, only final decisions made after a hearing, and observing that the Supreme Court held that while the refusal to reopen is a "decision" for purposes of § 205(h),[8] it is not a "final decision" for purposes of § 205(g), and that only decisions required by statute to be preceded by a hearing come within the scope of § 205(g), even if they were in fact preceded by a hearing (citing *Sanders*, 430 U.S. at 108)).[9]

Despite the statutory limitation of the availability of judicial review, a district court has jurisdiction to review a matter in which a constitutional question is presented. *Sanders*, 430 U.S. at 109 ("When constitutional questions are in issue, the availability of judicial review is presumed.") In addition, a decision not to reopen a claim will be subject to review where, although the Commissioner expressly declines to reopen a claim, the Commissioner nevertheless engages in decision making that results in "constructive" or "de facto"

---

[8] 42 U.S.C. § 405 is the United States Code reference to § 205 of the Social Security Act. A reference to § 405 in this context is thus a reference to § 205 of the Social Security Act and vice versa.

[9] In *Sanders,* the Supreme Court held that § 205(g) "cannot be read to authorize judicial review of alleged abuses of agency discretion in refusing to reopen claims for social security benefits." 430 U.S. at 107 – 108 (observing that § 205(b) authorizes the Commissioner to deny without a hearing a petition to reopen a prior final decision).

reopening. *Byam v. Barnhart*, 336 F.3d 172, 180 (2d Cir. 2003). *See also Lester*, 81 F.3d at 827 n.3 (describing as "de facto" reopening circumstances in which "the Commissioner considers 'on the merits' the issue of the claimant's disability during the already-adjudicated period.").

As the party asserting subject matter jurisdiction, Plaintiff must demonstrate that the case presents the kind of circumstance that allows for judicial review. *Aversa v. United States*, 99 F.3d 1200, 1209 (1st Cir. 1996). Plaintiff argues that Defendant's failure to reopen the DIB claim was based on a misunderstanding or misapplication of administrative res judicata. Plaintiff contends res judicata only applies following a prior administrative decision that involves a formal "adjudication" of the claim. (Statement of Errors at 12 – 13, citing *Delamater v. Schweiker*, 721 F. 2d 50, 53 (2nd Cir. 1983).) "Tension exists in the case law addressing whether res judicata applies to pre-hearing determinations." *Gaines v. Comm'r of Soc. Sec.*, No. 1:16-cv-12793, 2017 WL 2129686, at *8 (E.D. Mich. Apr. 25, 2017), *report and recommendation adopted*, 2017 WL 2117990 (E.D. Mich. May 16, 2017). Persuasive authority supports Defendant's application of res judicata principles even where a claimant did not receive a hearing on his prior claim. *See Taylor v. Heckler*, 765 F.2d 872, 876 (9th Cir. 1985); *Leviner v. Richardson*, 443 F.2d 1338, 1342 (4th Cir. 1971).

The application of res judicata is defined by the Commissioner's regulations, which provide that the doctrine applies if the "previous determination or decision has become final by either administrative or judicial action." 20 C.F.R. § 404.957(c)(1). Defendant's prior determination of Plaintiff's DIB claim became final (i.e., "binding") by

administrative action because Plaintiff did not request reconsideration. 20 C.F.R. §§ 404.905, 404.987(a). The previous determination addressed the merits of Plaintiff's claim. For instance, the determination references expert opinion evidence dated May 4, 2011, as well as other sources of evidence dated after the expiration of Plaintiff's disability insurance. (Ex. 1A, R. 53; 2A, R. 63.) Indeed, Plaintiff did not file the prior claim until after December 31, 2010, the date on which his insured status expired. (Ex. 1A, R. 53.) To the extent Defendant's res judicata analysis is subject to review,[10] where the previous final determination (1) was made after the expiration of Plaintiff's insured status, (2) was based on a record that covered the entire insured period, and (3) became final and binding due to Plaintiff's inaction, the previous final determination that Plaintiff was not disabled prior to the expiration of his insured status precludes a later claim in which Plaintiff asserts he was disabled prior to the expiration of his insured status. *Leach v. Comm'r of Soc. Sec.*, 145 F.3d 1332 (6th Cir. 1998). The ALJ thus supportably found that Plaintiff's DIB claim was precluded by res judicata.

Plaintiff argues, however, that he has a constitutional right to a hearing on his disability claim. Plaintiff also contends that his claim presents a constitutional question because the ALJ deprived him of due process by not providing advance notice that the res judicata doctrine would be applied. Plaintiff's arguments are unpersuasive. "An earlier administrative decision at any level in the adjudicative process may be final and therefore

---

[10] "[I]f administrative res judicata has been applied in bar of a subsequent claim which, properly assessed, is not the same for res judicata purposes, jurisdiction to engage in judicial review exists." *McGowen v. Harris*, 666 F.2d 60, 65 (4th Cir. 1981).

9

properly treated as preclusive of a subsequent claim either because the decision has been judicially affirmed or because administrative reconsideration, hearing, or review, or judicial review has not been timely sought." *McGowen v. Harris*, 666 F.2d 60, 65 (4th Cir. 1981). While Plaintiff had a right to have his prior claim determined following a hearing, provided the notice Plaintiff received in the prior proceeding warned him of the need to take action to challenge the negative initial determination of his DIB claim, and provided Plaintiff had the mental capacity needed to understand and act on the notice, Plaintiff waived the right when he did not preserve it. *Ross v. Comm'r, SSA*, No. 1:11-cv-00293-NT, 2012 WL 177962, at *7 (Jan. 20, 2012), *report and recommendation adopted*, 2012 WL 642602 (D. Me. Feb. 27, 2012); *Greene v. Astrue*, No. 2:10-cv-486-GZS, 2011 WL 4543890, at *1 (Sept. 28, 2011), *report and recommendation adopted*, 2011 WL 4900010 (D. Me. Oct. 14, 2011); *Alston v. Apfel*, 187 F.3d 621 (1st Cir. 1999), *available at* 1999 WL 529516 (table opinion); *Gilbert v. Sullivan*, 48 F.3d 1211 (1st Cir. 1995), *available at* 1995 WL 91120 (table opinion). The record lacks any persuasive evidence to suggest that during the pendency of his prior DIB claim, Plaintiff did not have adequate notice that his failure to request further consideration would render the administrative determination of his DIB claim final, or that he did not have the mental capacity to understand the significance of such a notice.

Plaintiff's claim that he was deprived of due process because the ALJ did not provide advance notice that he intended to apply or was considering the application of the doctrine of res judicata also fails because Plaintiff had the opportunity to present and did present the argument to the Appeals Council. *See, e.g., Hilmes v. Sec'y of HHS*, 983 F.2d

67, 70 (6th Cir. 1993) (holding that claimant's inability to present a good cause argument to the ALJ to obtain an extension of the deadline for requesting a hearing did not raise a colorable due process claim, where the decision to deny a hearing request was a decision made without a hearing, and where the claimant had the opportunity to present his argument to the Appeals Council).[11]

Plaintiff also argues that the doctrine of collateral estoppel prevents Defendant from reopening the prior SSI claim without also reopening the prior DIB claim. Plaintiff evidently contends that the reopening of the SSI claim constitutes a constructive or de facto reopening of the DIB claim. A constructive reopening is not established on this record. For the prior DIB claim to be considered constructively reopened, the ALJ must have reconsidered the claim on its merits. *Hillier v. SSA*, 486 F.3d 359, 365 n.2 (8th Cir. 2007);

---

[11] To the extent Plaintiff argues the record is insufficient to make a res judicata determination, the argument is unconvincing. Because the prior determination became final after the expiration of Plaintiff's insured status, the prior determination resolves the issue of whether Plaintiff was disabled on or before the date last insured. *Cruz Rivera v. Sec'y of HHS*, 818 F.2d 96, 97 (1st Cir. 1986) ("Claimant is not entitled to disability benefits unless he can demonstrate that his disability existed prior to the expiration of his insured status."). This Court has suggested, in a similar context, that application of res judicata is unconstitutional if the record does not permit a side-by-side comparison of the prior and current case files, and it has found subject matter jurisdiction based on the assessment that claimants "must be given 'reasonable notice and opportunity for a hearing.'" *Greene v. Barnhart*, No. 1:03-cv-00036-JAW, 2003 WL 22961199, at *2 (Dec. 15, 2003), *report and recommendation accepted in the absence of objection*, 2004 WL 51102 (D. Me. Jan. 9, 2004). Notably, in *Greene v. Barnhart*, the Commissioner conceded the issue and withdrew its reliance on res judicata where it has "lost" the prior case file, based on guidance in the Program Operations Manual System stating that the Commissioner would not assert res judicata when a previous claim file cannot be located. 2003 WL 22961199, at *2 (citing POMS § DI 27516.005). While the Court nevertheless assessed subject matter jurisdiction sua sponte, the Court did not consider whether the plaintiff, as the proponent of jurisdiction, had established that he was not provided reasonable notice and opportunity for a hearing in the prior proceeding. *See also Duckworth-Bubar v. Barnhart*, No. 1:04-cv-00177-JAW, 2005 WL 174835, at *3 (Jan. 27, 2005), *report and recommendation accepted in the absence of objection*, 2005 WL 763278 (D. Me. Feb. 17, 2005). Furthermore, the initial determination of the prior claim is available in the record (Exs. 1A – 4A, ECF No. 9-3), and the ALJ represented that he reviewed the evidence in the previous matter. (ALJ Decision at 2, R. 19.)

*see also Poisson v. Comm'r*, 215 F.3d 1312 (1st Cir. 1998), *available at* 1998 WL 1268925 (table opinion). Here, the Appeals Council found good cause to reopen a prior SSI claim filed on February 24, 2011, based on new evidence. Significantly, when Plaintiff filed his prior SSI claim, his disability insurance had already expired. The Appeals Council's decision to reopen the SSI claim and award benefits for an additional period of time did not constructively reopen the expired DIB claim where the revised disability onset findings were consistent with the dismissal of the DIB claim.[12]

In sum, based on the record before the Court, Plaintiff has not established the Court's jurisdiction to review Defendant's decision not to reopen Plaintiff's prior DIB claim based on res judicata principles.

**B.    Failure to Remand Following Reopening of the Prior SSI Claim**

Plaintiff argues that when the Appeals Council reopened the prior SSI claim, the Council was required to remand the claim to permit the ALJ to review the record to determine the onset of disability. According to Plaintiff, because the record contains expert testimony that Plaintiff was limited to sedentary work prior to the date on which he met the

---

[12] Plaintiff maintains that the new evidence also supports the finding that he satisfied the requirements for disability insurance benefits before his DIB insurance expired. Even if Plaintiff is correct, Plaintiff allowed the decision on his prior DIB claim to become final after the expiration of his insured status, and the award of SSI benefits under the reopened SSI claim does not allow payment of benefits for any period of alleged disability prior to the month following the application date. Under the circumstances, I am not persuaded that a district court can or should order the reopening of an expired DIB claim where that claim is effectively time-barred. I am also not convinced that collateral estoppel assists Plaintiff. "Collateral estoppel protects parties from multiple lawsuits and the possibility of inconsistent decisions, and it conserves judicial resources." *Lytle v. Household Mfg., Inc.*, 494 U.S. 545, 553 (U.S. 1990). Thus, even though a social security claimant can use collateral estoppel offensively to prevent the Commissioner from revisiting matters previously decided, an administrative decision that precludes recovery on an expired DIB claim is not inconsistent with another administrative decision that reopens a SSI claim filed after the claimant's insured status expired.

listing, a restriction to sedentary work likely would support the finding that he qualified as disabled even before his impairments met the listing. (Statement of Errors at 11 – 12, 14.)

As discussed above, the district court has subject matter jurisdiction over a request for judicial review when the Commissioner has in fact reconsidered a prior application on the merits. Additionally, Defendant "does not dispute that this Court has jurisdiction to review challenges to the Commissioner's findings regarding [the prior SSI] application." (Def.'s Response at 15, ECF No. 15.) Nevertheless, the Court has an obligation to determine the existence of subject matter jurisdiction. Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."); *see also Florio v. Olson*, 129 F.3d 678, 680 (1st Cir. 1997) (providing that a court has "an obligation to inquire sua sponte into the subject matter jurisdiction of its cases, and to proceed no further if such jurisdiction is lacking" (internal citations and quotations omitted).)

Sound reasoning supports the conclusion that the Court has jurisdiction to review the decision to reopen the SSI claim. Because the hearing on Plaintiff's current SSI claim was deemed to provide good cause to reopen the prior SSI claim, and because the Appeals Council has made a determination (i.e., a final decision) on Plaintiff's claims for SSI benefits, the matter is before the Court following a "final decision … after a hearing," and thus the jurisdictional requirement of section 405(g) is satisfied.

Plaintiff argues the record will support the finding that even before his ischemic heart disease equaled the criteria of Listing 4.04(B) and (C), he was effectively disabled because his combined impairments deprived him of the residual functional capacity to

13

engage in substantial gainful activity. (Statement of Errors at 11.) In support of the argument, Plaintiff cites the testimony of Dr. Steven Kaplan that Plaintiff was limited "at least" to sedentary work as of September 28, 2010, and Plaintiff notes that the ALJ found his subjective report of symptoms credible. (*Id*. at 10, citing R. 39, 46.) Defendant argues that the Appeals Council necessarily reviewed the entire record and found against Plaintiff on the issue.

The question is whether a remand is warranted to determine if on Plaintiff's reopened SSI claim, Plaintiff qualified as disabled on a date prior to November 15, 2012, based on an assessment of his residual functional capacity (RFC) during the relevant period, and whether Plaintiff's RFC would have permitted a person with Plaintiff's age and vocational background to perform substantial gainful activity. At step 5 of the evaluation process, the burden shifts to Defendant to establish that jobs exist in the national economy in significant numbers that Plaintiff could perform, giving particular attention to the claimant's age, education, work experience, and RFC. 20 C.F.R. §§ 404.1520(a)(4)(v), (g)(1); *Goodermote v. Sec'y of HHS*, 690 F.2d 5, 7 (1st Cir. 1982). When nonexertional impairments are established, the burden is typically addressed through a combined reliance on the Medical – Vocational Guidelines, 20 C.F.R. Part 404, Subpart P, Appendix 2, and the testimony of a vocational expert. *Goodermote*, 690 F.2d at 7. However, "[i]f a non-strength impairment, even though considered significant, has the effect only of reducing that occupational base marginally, the Grid remains highly relevant and can be relied on exclusively to yield a finding as to disability." *Ortiz v. Sec'y of HHS*, 890 F.2d 520, 524

(1st Cir.1989).[13]

Dr. Kaplan's testimony regarding Plaintiff's limitation to sedentary work is consistent with other expert opinion evidence of record. (*See* Ex. 9A, R. 111, 113.) The record opinion evidence, moreover, includes additional postural limitations; limitations that, even for a young worker (Plaintiff turned 45 in 2011), would ordinarily require vocational expert testimony or the citation of other authority establishing that the nonexertional limitations do not significantly erode the sedentary occupational base, in order for Defendant to satisfy the burden at step 5 of the sequential evaluation process. *Snow v. Colvin*, No. 1:15-cv-145-GZS, 2015 WL 10058316, at *4 (D. Me. Dec. 31, 2015), *report and recommendation adopted*, 2016 WL 589854 (D. Me. Feb. 11, 2016), *aff'd*, (1st Cir. Apr. 15, 2016); *Turcotte v. SSA Comm'r*, No. 1:11-cv-00377-GZS, 2012 WL 3668034, at *3 (D. Me. June 14, 2012), *report and recommendation adopted*, 2012 WL 3649466 (D. Me. Aug. 24, 2012).

A review of the record reveals that Defendant has not previously considered, as part of the review of Plaintiff's reopened SSI claim, whether Plaintiff, as a consequence of a reduced RFC, was under a disability prior to meeting the listing. Remand to consider evidence on that issue, therefore, is warranted.

---

[13] Because the Guidelines are based on a claimant's exertional capacity, they "can only be applied when claimant's nonexertional limitations do not significantly impair claimant's ability to perform at a given exertional level." *Rose v. Shalala*, 34 F.3d 13, 19 (1st Cir. 1994).

## CONCLUSION

Based on the foregoing analysis, I recommend that the Court conclude that Plaintiff has failed to establish a basis for this Court to review Defendant's decision not to reopen Plaintiff's Title II DIB claim based on the doctrine of res judicata. I recommend that on that basis, the Court dismiss Plaintiff's appeal on his Title II claim. I also recommend the Court remand the matter for further proceedings on the Title XVI SSI claim in accordance with this recommended decision.

## NOTICE

A party may file objections to those specified portions of a magistrate judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. § 636(b)(1)(B) for which *de novo* review by the district court is sought, together with a supporting memorandum, and request for oral argument before the district judge, if any is sought, within fourteen (14) days of being served with a copy thereof. A responsive memorandum and any request for oral argument before the district judge shall be filed within fourteen (14) days after the filing of the objection.

Failure to file a timely objection shall constitute a waiver of the right to *de novo* review by the district court and to appeal the district court's order.

/s/ John C. Nivison
U.S. Magistrate Judge

Dated this 14th day of December, 2017.