UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| TRACEY STEWARD, | ) | |
|---|---|---|
| Plaintiff, | ) | |
| v. | ) | 1:17-cv-00072-JAW |
| SOCIAL SECURITY ADMINISTRATION COMMISSIONER, | ) | |
| Defendant. | ) | |

**ORDER AFFIRMING THE RECOMMENDED DECISION OF THE MAGISTRATE JUDGE**

The United States Magistrate Judge filed with the Court on December 14, 2017 his Recommended Decision. *Report and Recommended Decision* (ECF No. 21). The Plaintiff filed his objections to the Recommended Decision on December 28, 2017 (ECF No. 22). The Court reviewed and considered the Magistrate Judge's Recommended Decision, together with the entire record; the Court has made a de novo determination of all matters adjudicated by the Magistrate Judge's Recommended Decision; and the Court concurs with the recommendations of the United States Magistrate Judge for the reasons set forth in his Recommended Decision, and determines that no further proceeding is necessary. Mr. Steward's objections focus on two of the series of issues the Magistrate Judge addressed and rejected, to which the Court offers the following additional discussion to supplement his analysis.

First, Mr. Steward is correct that some district courts have found due process violations when ALJs applied res judicata to bar claims for benefits without first giving claimants notice ahead of their hearing that res judicata might defeat their claims. *See e.g., Duffany v. Berryhill*, No. CV 16-11888-IT, 2017 WL 4102585, at *2-3 (D. Mass. Sept. 15, 2017); *Harris v. Callahan*, 11 F. Supp. 2d 880, 884-85 (E.D. Tex. 1998); *Walje v. Shalala*, No. CIV.A. 93-2483-EEO, 1994 WL 477254, at *4 (D. Kan. Aug. 1, 1994). Many other district courts, however, including one decision from this district, concluded that finality notices following the first claim were sufficient and that ALJs need not give further notice before the second hearing that res judicata might bar the second claim. *See e.g.*, *Prescott v. Astrue*, No. CIV 09-23-B-W, 2009 WL 3148731, at *5 (D. Me. Sept. 30, 2009), report and recommendation adopted, No. CIV. 09-23-B-W, 2009 WL 3712609 (D. Me. Nov. 5, 2009); *Boeck v. Berryhill*, No. 16-C-1003, 2017 WL 4357444, at *8-9 (E.D. Wis. Sept. 30, 2017); *Strietelmeier v. Berryhill*, No. 2:16-CV-89, 2017 WL 4250860, at *4 (N.D. Ind. Sept. 25, 2017); *Molloy v. Astrue*, No. CIV.A. 08-4801 (JAG), 2010 WL 421090, at *23 (D.N.J. Feb. 1, 2010).

The Court finds the approach of these latter cases more persuasive. It is doubtful whether res judicata can fairly be characterized as an "issue" requiring advanced notice under the Due Process Clause or 20 C.F.R. § 404.948, but even assuming that it is, Mr. Steward had actual or constructive notice because he received adequate finality warnings following his first Title II denial in May 2011, he had counsel at his second hearing, he had access to the files from both proceedings, and he did not suffer from mental incapacitation. *See Rodriguez v. Massanari*, No. CIV.

2

A. 500CV274C, 2001 WL 406226, at *5 (N.D. Tex. Apr. 17, 2001), report and recommendation adopted, No. CIV. A. 5:00-CV-274C, 2001 WL 586696 (N.D. Tex. May 24, 2001). The ALJ may dismiss a claim as barred by res judicata without a hearing at all, 20 C.F.R. § 404.957(c)(1), which would make the claim unreviewable in federal court unless the claimant raises a colorable constitutional claim or shows that the second claim is actually new. *Matos v. Sec'y of Health, Ed. & Welfare*, 581 F.2d 282, 287 (1st Cir. 1978). While there is nothing prohibiting advance notice of the potential application of res judicata, it would make little sense to require notice before a hearing of the potential applicability of a legal rule that the ALJ may permissibly invoke without a hearing in the first place.

Regarding Mr. Steward's second argument, he correctly notes that the regulations require some level of consistency across titles because specific factual determinations made under one title will not be revisited or treated differently under another title. *See* 20 C.F.R. § 404.950(f). This argument fails, however, because the Appeals Council's decision to reopen Mr. Steward's Title XVI application was not inconsistent with its decision declining to reopen his Title II application. While the criteria or standards for reconsidering prior decisions are the same under each title, the key cutoff date for the Title II claim is different than the Title XVI claim. The Appeals Council's decision to reopen the prior Title XVI application because the evidence suggests Mr. Steward was disabled as of November 15, 2012 is not in conflict with its decision upholding the prior Title II decision that Mr. Steward was not disabled as of December 2010, his date last insured.

1. It is therefore ORDERED that the Recommended Decision (ECF No. 21) of the Magistrate Judge is hereby AFFIRMED.

2. It is further ORDERED that the case be remanded for further proceedings on the Title XVI SSI claim in accordance with the recommended decision.

SO ORDERED.

/s/ John A. Woodcock, Jr.
JOHN A. WOODCOCK, JR.
UNITED STATES DISTRICT JUDGE

Dated this 28th day of March, 2018