UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

TRACEY S., )
 )
    Plaintiff )
 )
v. ) 1:17-cv-00072-JAW
 )
SOCIAL SECURITY ADMINISTRATION )
COMMISSIONER, )
 )
    Defendant )

**RECOMMENDED DECISION ON APPLICATION FOR ATTORNEY FEES**

Plaintiff Tracey S. seeks to recover attorney fees and expenses pursuant to the Equal Access to Justice Act (EAJA), 28 U.S.C. § 2412, following a partially successful appeal from the denial of her application for benefits under the Social Security Act. Plaintiff requests an award of $ 7,461.53. (Application, ECF Nos. 26; Application Ex. A, 26-1.)

Defendant contends an award is not warranted because Defendant's position in opposition to Plaintiff's complaint was substantially justified. In the alternative, Defendant proposes a reduced award. (Opposition, ECF No. 27.)

I recommend that the Court grant in part the application and order the parties to file additional submissions on the issue.

**Background**

On August 24, 2015, Plaintiff obtained a substantially favorable decision on his claim for supplemental security income (SSI) under Title XVI of the Social Security Act. Defendant, however, citing the doctrine of res judicata, dismissed Plaintiff's claim for

disability insurance benefits (DIB) under Title II. (ALJ Decision, R. 18, ECF No. 9-2.)

In his decision, the ALJ concluded, based on the hearing testimony of Dr. Steven Kaplan, that Plaintiff's degree of impairment satisfied a listing as of November 15, 2012. The ALJ also noted that the same medical expert opined that Plaintiff was limited to sedentary capacity as of September 28, 2010. (R. 22 – 23.) The ALJ wrote: "The treatment records support Dr. Kaplan's opinions," and the ALJ gave "greatest weight to Dr. Kaplan's opinions and testimony," because the opinions were "consistent with the overall evidence of record." (R. 23.) The ALJ awarded Plaintiff SSI benefits on Plaintiff's then pending SSI application, dated April 22, 2013. (R. 24.)

Plaintiff appealed from the ALJ's decision. In an initial brief to the Appeals Council, counsel noted the medical expert's opinion that Plaintiff was limited to sedentary work as of September 28, 2010, and requested that the Appeals Council remand the case for further proceedings on prior DIB and SSI applications, for the period from September 28, 2010, through November 15, 2012. (Ex. 18F, R. 349, ECF No. 9-6.)

Following its initial review, the Appeals Council notified Plaintiff that it would sustain the ALJ's dismissal of the DIB claim, and would not reopen the DIB claim based on the doctrine of res judicata. The Appeals Council, however, also informed Plaintiff that it would reopen the prior SSI claim to award benefits back to November 15, 2012 (the date on which Plaintiff's impairments met or equaled the listing). (R. 5.) In response to the notice, Plaintiff's counsel stated, "I have no objection to the change in the SSI claim that will find that disability existed since November 15, 2012, as opposed to [the] April 22, 2013, date as given in the [ALJ's] decision." (Representative Brief, Ex. 17E, R. 347, ECF

2

No. 9-6.) Counsel objected to the decision that Plaintiff's current and prior DIB claims were precluded based on res judicata. (R. 347 – 48.)

The Appeals Council did not accept Plaintiff's argument in opposition to the res judicata determination. Based on the testifying medical expert's opinion concerning the listing, which evidence was determinative of disability,[1] the Appeals Council reopened Plaintiff's prior SSI claim pursuant to 20 C.F.R. §§ 416.1488(b), 416.1489, and found Plaintiff disabled as of November 15, 2012. (R. 6.)

Plaintiff filed a complaint seeking judicial review. Plaintiff primarily argued that because Defendant reopened the prior SSI claim, Defendant was required to reopen the prior DIB claim as well.[2] The DIB challenge involved a number of different arguments, including some jurisdictional arguments. Plaintiff did not prevail on her DIB-related arguments.

In her Statement of Errors, Plaintiff also asserted that because the Appeals Council decided to reopen the 2011 SSI application, "the Council was obligated to require a full five step evaluation for so much of the period as was not resolved by the Step 3 finding of disability." (Statement of Errors at 14.) Following its review, the Court accepted the logic

---

[1] At step 3 of the sequential evaluation process, the Commissioner considers whether a claimant's impairments meet or equal the criteria set forth in the "listings" found in appendix 1 of the disability regulations. 20 C.F.R. § 416.920(a)(iii). If so, the claimant is deemed disabled without any further analysis of the claimant's residual functional capacity to perform past relevant work or other work in the national economy. *Id*. § 416.920(d); *see also* 20 C.F.R. Pt. 404, Subpt. P, App. 1, § 12.00(A) ("The listings are so constructed that an individual with an impairment(s) that meets or is equivalent in severity to the criteria of a listing could not reasonably be expected to do any gainful activity."); 20 C.F.R. § 416.925(a) (same).

[2] Plaintiff's insured status under the DIB program expired before Plaintiff filed the prior SSI claim. Accordingly, the Court concluded that the decision to reopen the SSI claim did not constructively reopen the expired DIB claim. (Recommended Decision at 12, ECF No. 21.)

3

of Plaintiff's position that a reopened prior claim should be reviewed comprehensively, and remanded the case for consideration of Plaintiff's claim to several additional months of SSI benefits. The Court upheld the res judicata finding regarding Plaintiff's DIB claim.

**Discussion**

The EAJA provides, in relevant part:

> [A] court shall award to the prevailing party other than the United States fees and other expenses, in addition to any costs awarded pursuant to subsection (a), incurred by that party in any civil action (other than cases sounding in tort), including proceedings for judicial review of agency action, brought by or against the United States in any court having jurisdiction of that action, unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust.

28 U.S.C. § 2412(d)(1)(A). Under the EAJA, therefore, Plaintiff would be entitled to an award of attorneys' fees provided she was the prevailing party, Defendant's position in the case was not substantially justified, and no special circumstances exist that would make an award of fees unjust.[3]

In this case, Plaintiff in essence asserted two separate claims – one for DIB benefits and one for SSI benefits. Each claim presented certain distinct and independent issues. In this Court, Plaintiff prevailed on the SSI claim, but did not prevail on the DIB claim. The case thus presents the question of the amount of fees to which a prevailing party with multiple claims, some successful and some unsuccessful, is entitled.

---

[3] Defendant does not challenge Plaintiff's status as a prevailing party, but contends Plaintiff is not entitled to recover because Defendant's position was substantially justified. The United States' position is "substantially justified" if it is "justified to a degree that could satisfy a reasonable person." *McLaughlin v. Hagel*, 767 F.3d 113, 117 (1st Cir. 2014) (quoting *Pierce v. Underwood,* 487 U.S. 552, 565 (1988)). The burden is on the United States to make the requisite showing. *Id.* "Both the government's pre-litigation and litigation positions are evaluated holistically" when assessing a substantial justification challenge to an EAJA application. *Id.*

The court's analysis in *Cabrera v. Astrue*, No. 1:06-cv-9918, 2008 WL 4410094 at *2 (S.D.N.Y., Sept. 29, 2008), is instructive:

> When deciding the amount of attorneys' fees to which a prevailing party with multiple claims is entitled under the EAJA, this Court must follow the analytical framework set forth in *Hensley v. Eckerhart*, 461 U.S. 424, 103 S. Ct. 1933, 76 L.Ed. 2d 40 (1983). *Hensley* distinguishes among three categories of cases. In the first type – a distinct theories case – a plaintiff joins "distinctly different claims for relief" against the same defendant "that are based on different facts and legal theories." *Hensley*, 461 U.S. at 434 – 35. In this situation, if a plaintiff is successful on one claim but unsuccessful on another, she will be awarded attorneys' fees only for the work done on the successful claim. The claims are in effect treated "as if they had been brought in separate lawsuits." *Id*. at 435.

As the court in *Washington Alliance of Technology Workers v. Homeland Security*, 857 F.3d 907 (D.C. Cir. 2017), noted, "[a]lthough *Hensley* dealt with an award of fees under 42 U.S.C. § 1988 rather than under the EAJA, *Hensley* is "generally applicable in all cases in which Congress has authorized an award of fees to a 'prevailing party.'" *Id.* at 910 n.1 (quoting *Hensley*, 461 U.S. at 433 n.7.). Thus, "the standards developed under section 1988 for defining a 'prevailing party' are applicable to EAJA cases [and] the section 1988 case law concerning the scope of recovery of attorneys' fees should also be applicable to EAJA cases." *McDonald v. Sec'y of HHS*, 884 F.2d 1468, 1479 (1st Cir. 1989) (similarly citing footnote 7 of *Hensley*). Moreover, this Court has observed that it "has an obligation to examine [an attorney's bill for services] and the work performed to make certain that the [defendant] is not being asked to reimburse the [p]laintiff[] for work on unsuccessful claims." *IMS Health Corp. v. Schneider*, 901 F. Supp. 2d 172, 189 (D. Me. 2012).

Here, while there was some interrelationship between the claims, Plaintiff's claim for DIB benefits was separate from Plaintiff's SSI claim and involved different issues. For

5

example, the central issue on appeal on Plaintiff's DIB claim was whether Plaintiff's claim was barred by the doctrine of res judicata, which was not an issue in Plaintiff's SSI claim. Additionally, the res judicata issue required the resolution of a jurisdictional question that, similarly, had no bearing on the SSI claim. Plaintiff did not prevail on any of the DIB issues. Recognizing that some of counsel's time would be common to both claims, under the *Hensley* approach, and consistent with this Court's obligation "to make certain that [Defendant] is not being asked to reimburse [Plaintiff] for work on unsuccessful claims," Plaintiff is entitled to recover the reasonable fees incurred in connection with the SSI claim, but not the fees incurred in prosecution of the DIB claim.[4] *Id*.

**Conclusion**

Based on the foregoing analysis, I recommend:

1. The Court determine that Plaintiff is entitled to recover reasonable attorneys' fees incurred in connection with her SSI claim, and thus grant in part Plaintiff's EAJA Application for Fees and Expenses (ECF No. 26);

2. To permit the Court to assess the appropriate amount to be awarded as fees, the Court direct Plaintiff to file an itemized statement reflecting the fees incurred in connection with the prosecution of the SSI claim, together with a written argument in support of the modified request;

3. Allow Defendant the opportunity to file a response to Plaintiff's modified request; and

4. Defer ruling on Defendant's other challenges to the fees (i.e., the paralegal rate and the amount of time devoted to particular tasks) until after the Court has reviewed the modified request and Defendant's response thereto.

---

[4] The *Hensley* approach essentially incorporates the concepts of prevailing party and substantial justification. That is, where a plaintiff did not prevail on a claim, the Government's position on the claim, by definition, was substantially justified.

## NOTICE

A party may file objections to those specified portions of a magistrate judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. § 636(b)(1)(B) for which *de novo* review by the district court is sought, together with a supporting memorandum, within fourteen (14) days of being served with a copy thereof. A responsive memorandum shall be filed within fourteen (14) days after the filing of the objection.

Failure to file a timely objection shall constitute a waiver of the right to *de novo* review by the district court and to appeal the district court's order.

/s/ John C. Nivison
U.S. Magistrate Judge

Dated this 12th day of September, 2018