UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| TRACEY S., | ) |
| | ) |
|     Plaintiff | ) |
| | ) |
| v. | )    1:17-cv-00072-JAW |
| | ) |
| SOCIAL SECURITY ADMINISTRATION COMMISSIONER, | ) |
| | ) |
|     Defendant | ) |

## RECOMMENDED DECISION ON MODIFIED APPLICATION FOR ATTORNEY FEES

After review of Plaintiff's application for attorney fees and expenses pursuant to the Equal Access to Justice Act (EAJA), 28 U.S.C. § 2412, I recommended the Court grant in part the application. (Recommended Decision, ECF No. 29.) In particular, because I determined Plaintiff had prevailed on his claim for supplemental security income (SSI) under Title XVI of the Social Security Act, but had not prevailed on his claim for disability insurance benefits (DIB) under Title II, I determined that Plaintiff was entitled to recover the reasonable fees and expenses incurred in prosecution of the SSI claim, but not the DIB claim. Because Plaintiff's application did not allocate the fees and expenses between the claims, I recommended the Court "direct Plaintiff to file an itemized statement reflecting the fees incurred in connection with the prosecution of the SSI claim, together with a written argument in support of the modified request." (*Id*. at 6.) I also recommended the Court "[a]llow Defendant the opportunity to file a response to Plaintiff's modified request." (*Id*.)

Before the expiration of the time for objections to the recommended decision, Plaintiff filed a modified application for attorney fees and expenses, in which application Plaintiff identified the charges he maintains were incurred in connection with the SSI claim. (Modified Application, ECF No. 34.) Plaintiff's modified application reduced his request from $7,461.53 to $4,076.25. Defendant objects to Plaintiff's modified request. (Response in Opposition, ECF No. 36.)

Following review of the modified application, and after consideration of the parties' arguments, I recommend the Court grant in part the modified application and award Plaintiff fees in the amount of $3,261.94.

## Discussion

In opposition to the modified application, Defendant reasserts her contention that Plaintiff is not entitled to a recovery because Defendant's position in the denial of benefits to Plaintiff was substantially justified. For the reasons set forth in the original recommended decision, which reasons are incorporated herein, Defendant's argument remains unconvincing. Accordingly, I will assess Defendant's substantive challenges to Plaintiff's modified application.

Defendant contends Plaintiff's claimed paralegal rate of $110 per hour is excessive. Plaintiff in part suggests the Court defer ruling on the disputed paralegal rate until the issue is resolved in *Cline v. Berryhill*, No. 1:17-cv-00282-GZS, another case in this District. As this Court explained in a recent case in which Plaintiff's counsel made a similar argument, a stay would result in an "unjustified delay." *Glenwood W. v. SSA Comm'r*, No. 1:17-cv-353-JAW, 2018 WL 3132595, at *3 (D. Me. June 26, 2018). The current record lacks any

2

evidence that would warrant a deviation from the $90 per hour paralegal rate that has been approved and established in this District. *Id*.; *Tyrrell v. Berryhill,* No. 2:16-cv-628-JAW, 2018 WL 1605123 (D. Me. Apr, 3, 2018), *recommended decision adopted*, 2018 WL 2933395 (June 12, 2018).

Defendant also challenges the reasonableness of certain time entries for the preparation of some of the pleadings and for review of notices from the court. As explained in a previous case in which Defendant made similar arguments, the claimed time is not unreasonable. *Tyrrell*, 2018 WL 1605123 at * 2.

Defendant further argues that the time Plaintiff claims was devoted to the SSI claim is excessive. According to Defendant's assessment, Plaintiff seeks to recover 55.5% of the total time devoted to the entire case, which amount Defendant contends is unreasonable given that Plaintiff's appeal was more focused on the issues related to the DIB claim than the SSI claim. Plaintiff contends much of the time was necessary regardless of whether Plaintiff prosecuted one or two claims. While Plaintiff's argument has some merit, the pleadings in the case demonstrate that the DIB claim, specifically the res judicata argument, was a significant focus of Plaintiff's appeal. Under the circumstances, an award of more than 50% of the time devoted to the case would be unreasonable. Recognizing that a certain amount of time would have been expended regardless of whether Plaintiff's appeal consisted of one or multiple claims, an award of 45% of the total fees generated is more in accord with the focus of Plaintiff's appeal.[1]

---

[1] The recoverable fees include the 1.5 hours for the preparation and attendance at oral argument, which hours were not included in the original application. Plaintiff asserts the time was inadvertently omitted

**Conclusion**

Based on the foregoing analysis, and for the reasons set forth in the original recommended decision (ECF No. 29), I recommend the Court grant in part Plaintiff's modified application for fees. Specifically, I recommend the Court award Plaintiff fees in the amount of $3,261.94.[2]

**NOTICE**

A party may file objections to those specified portions of a magistrate judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. § 636(b)(1)(B) for which *de novo* review by the district court is sought, together with a supporting memorandum, and request for oral argument before the district judge, if any is sought, within fourteen (14) days of being served with a copy thereof. A responsive memorandum and any request for oral argument before the district judge shall be filed within fourteen (14) days after the filing of the objection.

Failure to file a timely objection shall constitute a waiver of the right to *de novo* review by the district court and to appeal the district court's order.

/s/ John C. Nivison
U.S. Magistrate Judge

Dated this 20th day of November, 2018

---

from the original submission. The record lacks any evidence that contradicts Plaintiff's assertion.

[2] Calculated as follows: 25 attorney hours at $198.15 per hour {$4953.75}; 25.5 paralegal hours at $90 per hour {$2295}; subtotal $7248.75, multiplied by 0.45 = $3261.94.