UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| TRACEY S., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 1:17-cv-00072-JAW |
| | ) |
| SOCIAL SECURITY | ) |
| ADMINISTRATION | ) |
| COMMISSIONER, | ) |
| | ) |
| Defendant. | ) |

**ORDER ON MAGISTRATE JUDGE'S RECOMMENDED DECISIONS**

**I.    BACKGROUND**

On March 28, 2018, the Court affirmed the Magistrate Judge's recommended decision dismissing Plaintiff's Title II claim and remanding his Title XVI claim for further proceedings. *Order Affirming the Recommended Decision of the Magistrate Judge* (ECF No. 24). On June 26, 2018, Plaintiff filed a motion seeking attorney's fees and expenses under the Equal Access to Justice Act (EAJA). *EAJA Appl. for Fees and Expenses* (ECF No. 26). On July 17, 2018, the Defendant, the Commissioner of the Social Security Administration, responded in opposition to the Plaintiff's application. *Def.'s Opp'n to Pl.'s EAJA Appl. for Fees and Expenses* (ECF No. 27). On July 31, 2018, Plaintiff filed a reply to the Commissioner's response. *Pl.'s Reply Mem.* (ECF No. 28). On September 12, 2018, the Magistrate Judge granted in part Plaintiff's motion for attorney's fees and expenses under the EAJA. *Recommended*

*Decision on Appl. for Att'y's Fees* (ECF No. 29) (*Recommended Decision on Application for EAJA Fees*).

The Magistrate Judge noted Plaintiff was previously successful in this Court on his argument that because the SSA Appeal Council decided to reopen his 2011 SSI application, it was required to review his application comprehensively and thus consider several additional months of SSI benefits than it intended to consider. *Id.* at 3-4. The Magistrate Judge also acknowledged that the Court rejected Plaintiff's arguments pertaining to his disability insurance benefits (DIB) under Title II. *Id.* at 2-4. Because Plaintiff was successful on one of his claims, but not the other, the Magistrate Judge concluded that Plaintiff was entitled to attorney's fees and expenses in connection with the successful SSI claim, but not his DBI claim. *Id.* at 6. Accordingly, the Magistrate Judge granted Plaintiff's application to recover attorney's fees for his SSI claim and directed him to "file an itemized statement reflecting the fees incurred in connection with the prosecution of the SSI claim, together with a written argument in support of the modified request." *Id.* The Magistrate Judge deferred "ruling on Defendant's other challenges to the fees (i.e., the paralegal rate and the amount of time devoted to particular tasks) until after the Court has reviewed the modified request and Defendant's response." *Id.*

On September 26, 2018, Plaintiff filed his modification application for EAJA fees. *Modified EAJA Appl. for Fees* (ECF No. 34). On that same day, the Defendant filed an objection to the Magistrate Judge's recommended decision on the Plaintiffs' application for EAJA fees and expenses. *Def.'s Obj. to the Magistrate Judge's*

*Recommended Dec. on Pl.'s Appl. for Att'y['s] Fees* (ECF No. 31) (*Obj. to Recommended Decision*). On October 9, 2018, Plaintiff responded to the Defendant's objection to the recommended decision. *Pls.' Resp. to Obj. to R. & R. Dec.* (ECF No. 35). On October 10, 2018, the Defendant responded to Plaintiff's modified application for attorney's fees and expenses, and Plaintiff replied on October 24, 2018. *Def.'s Opp'n to Pl.'s Modified EAJA Appl. for Fees and Expenses* (ECF No. 36) (*Def.'s Opp'n to Modified EAJA Appl.*); *Reply to Resp. to the Suppl. EAJA Appl.* (ECF No. 37). On November 20, 2018, the Magistrate Judge issued a recommended decision on the Plaintiff's modified application and recommended the Court award the Plaintiff $3,261.94 in fees. *Recommended Decision on Modified Appl. for Att'y's Fees* at 1-2 (ECF No. 38) (*Recommended Decision on Modified Application for EAJA Fees*). On November 26, 2018, Plaintiff filed a supplemental application for attorney's fees. *Suppl. EAJA Appl. for Fees* (ECF No. 39). The Commissioner has not objected to the supplemental application.

## II.   DISCUSSION

### A.   Objection to Recommended Decision

"Under EAJA, a party prevailing against the United States in court, including successful Social Security benefits claimant, may be awarded fees payable by the United States if the Government's position in the litigation was not 'substantially justified.'" *Gisbrecht v. Barnhart*, 535 U.S. 789, 796 (2002) (quoting 28 U.S.C. § 2412(d)(1)(A)). It is the Government's burden to show its position was substantially justified. *McDonald v. Sec'y of Health and Human Servs.*, 884 F.2d 1468, 1475 (1st

Cir. 1989). "A position of the United States is substantially justified if it is justified to a degree that could satisfy a reasonable person—that is, if the position has a reasonable basis both in law and fact." *McLaughlin v. Hagel*, 767 F.3d 113, 117 (1st Cir. 2014) (citation and internal quotation marks omitted). The Court looks to the defendant's positions both prior to litigation and during litigation in evaluating whether its position was substantially justified. *See id.*; *Saysana v. Gillen*, 614 F.3d 1, 5 (1st Cir. 2010).

The Defendant does not dispute the Plaintiff was the prevailing party but argues that she was substantially justified in her position and that the Magistrate Judge overlooked her related arguments. *Obj. to Recommended Decision* at 1-3; *Def.'s Opp'n to Modified EAJA Appl.* at 2. The Defendant disagrees with the Recommended Decision on Application for EAJA Fees' use of *Hensley v. Eckerhart*, 461 U.S. 424 (1983) and says *Hensley* "has nothing to do with whether a party's position was substantially justified." *Obj. to Recommended Decision* at 1. The Defendant takes issue with placing "the seminal U.S. Supreme Court case [*Pierce v. Underwood*, 487 U.S. 552 (1988)] concerning 'substantial justification' . . . in passing in a footnote . . . ."[1] *Id.* at 2. Accordingly, the Defendant asserts "the Recommended Decision singularly fails to address the Commissioner's thorough discussion addressing the substantial justification issue." *Id.* The Defendant maintains her position was substantially justified because:

---

[1] The Commissioner could not really be complaining that the Magistrate Judge discussed some issues in footnotes, not in the body of the text. To the extent the Commissioner is seriously pressing that issue, the Court overrules her objection as frivolous. As just demonstrated, a judge may effectively rule on an issue in a footnote.

> (1) the Appeals Council properly stated that it considered the entire record and found, based on Dr. Kaplan's testimony, that Plaintiff met a Listing as of November 15, 2012; (2) the Court's remand decision did not arise from Plaintiff's specific allegations of error; and (3) the Court rejected all of Plaintiff's Title II arguments.

*Id.* at 3. In response to the Plaintiff's modified application for attorney's fees and expenses under the EAJA, the Defendant reiterates this argument but alters her third reason for why her position was substantially justified as to the Plaintiff's SSI claim, writing, "even if Plaintiff alleged the specific error that was the basis of remand, the Commissioner had a 'reasonable basis in fact and law' to defend her position." *Def.'s Opp'n to Modified EAJA Appl.* at 2. The Plaintiff dismisses the Defendant's argument, stating, "the Defendant is simply complaining about opinion writing technique" and that the Magistrate Judge did consider substantial justification but rejected and preceded past the Defendant's position by incorporating *Hensley* and reducing his claims for attorney's fees and expenses. *Pls.' Resp. to Obj. to R. & R. Dec.* at 2.

The Court disagrees with the Defendant. First, the recommended decision on the Plaintiff's initial application for attorney's fees and expenses did not fail to address the Defendant's substantial justification position. The Magistrate Judge discussed substantial justification multiple times throughout the recommended decision. *See Recommended Decision on Application for EAJA Fees* at 4 & n.3, 6 & n.4. While the Defendant takes issue with the recommended decision's placement of its substantial justification discussion, that does not mean the Magistrate Judge failed to consider the argument. *Cf. Roque–Rodríguez v. Lema Moya*, 926 F.2d 103,

5

105 & n.3 (1st Cir. 1991) (citation omitted)); *Earnhardt v. Puerto Rico*, 744 F.2d 1, 3 (1st Cir. 1984) ("Although the district court gave no reason for the denial of the motion, it was not required to do so under the rules and we must assume that the motion received careful consideration").

Nor does it show the Magistrate Judge committed error. As the Plaintiff highlights, and contrary to the Defendant's position, the recommendation decision's use of *Hensley* was not incorrect as it stated, "the *Hensley* approach essentially incorporates the concepts of prevailing party and substantial justification." *Recommended Decision on Application for EAJA Fees* at 6 n.4. In other words, in analyzing the interrelationship between successful and unsuccessful claims under *Hensley*, that analysis required prior consideration of whether the plaintiff was a prevailing party on any claim and whether the Government was substantially justified in its position as to any claim. The Court finds no error in this reasoning.

In evaluating the merits of the Defendant's substantial justification argument, moreover, the Court finds the Commissioner has not met her burden. The record illustrates, contrary to the Defendant's contention, that it was the Plaintiff's argument that the Defendant erred in not conducting "a full five step evaluation for so much of the period as was not resolved by the Step 3 finding of disability" that served as the basis for remand. *Pl.'s Itemized Statement of Errors* at 14 (ECF No. 13); *R. & R. Decision* at 14-15 (ECF No. 21); *Order Affirming the Recommended Decision of the Magistrate Judge* at 3. Moreover, the Defendant previously asserted "that the decision of the Appeals Council regarding the onset of disability was informed by the

6

entire record and, therefore, there is no cause to remand the reopened SSI claim to determine whether an earlier onset date could be assessed at step 5 based on a residual functional capacity. . .." *R. & R. Decision* at 5. In reviewing the record, however, the Magistrate Judge concluded "that Defendant has not previously considered, as part of the review of Plaintiff's reopened SSI claim, whether Plaintiff, as a consequence of a reduced RFC, was under a disability prior to meeting the listing." *Id.* at 15. Thus, the Magistrate Judge concluded the Appeals Council's review was deficient.

The Defendant's last arguments for substantial justification—that the Court rejected all of the Plaintiff's Title II arguments and that "even if Plaintiff alleged the specific error that was the basis of remand, the Commissioner had a 'reasonable basis in fact and law' to defend her position[]"—are either immaterial to whether the Commissioner was substantially justified as to the Plaintiff's SSI claim or fail to adequately explain how the position was reasonably based in fact and law. The Court concludes the Defendant has not met her burden. The Court affirms the Recommended Decision on Application for Attorney's Fees (ECF No. 29), and overrules the Defendant's Objection to the Magistrate Judge's Recommended Decision on Plaintiff's Application for Attorney Fees (ECF No. 31).

### B. Modified Application for Attorney's Fees and Expenses Under the EAJA

In his recommended decision on the Plaintiff's modified application for Attorney's Fees, the Magistrate Judge recommended the Court award the Plaintiff fees in the amount of $3,261.94 based on the following calculation: "25 attorney hours

7

at $198.15 per hour {$4953.75}; 25.5 paralegal hours at $90 per hour {$2295}; subtotal $7248.75, multiplied by 0.45 = $3261.94." *Recommended Decision on Modified Application for EAJA Fees* at 4 & n.2. The Defendant has not objected to this recommendation. In reviewing the record and the recommended decision, the Court agrees with the recommended decision's reasoning and accordingly, the Court affirms the Recommended Decision on Modified Application for Attorney's Fees (ECF No. 38). The Court awards the Plaintiff $3,261.94 in fees and expenses.

C.  **Supplemental Application**

On November 26, 2018, Plaintiff filed a supplemental motion to recover fees and expenses for work conducted after his original application for EAJA fees following June 26, 2018. *Suppl. EAJA Appl. for Fees* at 1-2. Plaintiff requests an award of $1,963.43, representing 9.80 attorney hours at $200.35 per hour (1,963.43) and .20 paralegal hours at $90 per hour (18.00). *Id.*, Attach. 1, at 1 (ECF No. 39-1). The Defendant has not responded to this request. The Court grants in part Plaintiff's Supplemental EAJA Application for Fees (ECF No. 39). The Court agrees that Plaintiff is entitled to fees and expenses for the reasons stated in his supplemental application but, to be consistent with the Magistrate Judge's recommended decision, the Court reduces by 55% his requested fees for the 4.20 hours he spent drafting his reply memorandum to the Commissioner's response to his original application for fees and expenses. The Plaintiff completed this work prior to the Magistrate Judge's Recommended Decision on Application for Attorney's Fees where he directed Plaintiff

8

to file a modified application for fees and expenses under the EAJA only as to his SSI claim. Accordingly, the Court awards Plaintiff fees in the amount of $1,518.62.

**D.     Summary**

The Court reviewed and considered the Magistrate Judge's Recommended Decisions, together with the entire record; the Court has made a de novo determination of all matters adjudicated by the Magistrate Judge's Recommended Decisions; and the Court concurs with the recommendations of the United States Magistrate Judge for the reasons set forth in his Recommended Decisions, and determines that no further proceedings are necessary.

**III.    CONCLUSION**

The Court <u>AFFIRMS</u> the Recommended Decision on Application for Attorney's Fees (ECF No. 29), and <u>OVERRULES</u> the Defendant's Objection to the Magistrate Judge's Recommended Decision on Plaintiff's Application for Attorney Fees (ECF No. 31).

The Court <u>AFFIRMS</u> the Recommended Decision on Modified Application For Attorney's Fees (ECF No. 38), and awards Tracey S. $3,261.94 in fees and expenses.

The Court <u>GRANTS</u> in part Tracey S.'s Supplemental EAJA Application For Fees (ECF No. 39), and awards him $1,518.62 in fees and expenses.

The Court awards Tracey S. a total of $4,780.56 in fees and expenses.

SO ORDERED.

/s/ John A. Woodcock, Jr.
JOHN A. WOODCOCK, JR.
UNITED STATES DISTRICT JUDGE

Dated this 23rd day of April, 2019